THOMPSON v. SELIGMAN et al.

(Circuit Court, S. D. New York. November 18, 1898.)

PLEADING—DENIAL ON INFORMATION AND BELIEF—WHEN INSUFFICIENT.

An answer which sets up as a counterclaim an alleged loan of money by defendant to plaintiff, and an account stated between them therefor, alleges facts presumptively within the personal knowledge of plaintiff, and a reply containing only a general denial on information and belief, and verified on belief only, is insufficient as an answer to the counterclaim, and is demurrable.

On Demurrer to Reply.

Robert G. Ingersoll, for plaintiff.
George W. Seligman, for defendants.

WHEELER, District Judge. The answer sets up a counterclaim against the plaintiff for money loaned, with interest, amounting to $3,056.67, November 25, 1889, whereupon an account was stated between the plaintiff on the one side and the defendant James Seligman, with a co-partner, since deceased, on the other side, "and upon such statement a balance of $3,056.67 was found to be due on the said 25th day of November, 1889, from the said plaintiff to this defendant," etc. The reply is that the plaintiff, "upon information and belief, denies each and every allegation therein contained," verified by his oath "that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters he believes it to be true," which is demurred to upon

the ground that it "is insufficient in law upon the face thereof"; and the cause has now been heard upon this demurrer. The reply stands as an answer to the cause of action stated in the counterclaim required to be verified, and the question here now is whether it is sufficient as such answer. The loan of money, and the statement of the account of it between the parties, implies personal transactions to the knowledge of the plaintiff. The answer does not deny the knowledge, nor set it forth, nor explain the want of it. It is well laid down in the Encyclopædia of Pleading and Practice, with reference to this kind of procedure, that:

"Although the denial of knowledge or information is an authorized form of denial, it is by no means absolute or universal. The true distinction to be observed in determining when a defendant may avail himself of the privilege accorded to him of answering in the qualified form allowed by the Code, and when he must positively admit or deny the allegations, is to inquire whether the facts alleged are presumptively within the defendant's knowledge. If they are, he cannot avail himself of this form of denial." 1 Enc. of Pl. & Prac. 811, and cases cited.

In this view this reply does not seem to be sufficient. This is said in argument to be merely such an objection to the verification of the reply as should have been made by a motion to dismiss, but the reply seems to lack the substance required in an answer to such a cause of action, and to be well met by the demurrer. Demurrer sustained.